

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| SPENSER DENNY, | ) | CV 08-31-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE MAHONEY and GREG BUDD, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Denny, a state prisoner proceeding pro se, has filed a Complaint under 42 U.S.C. § 1983 alleging that he has been denied due process and access to his counsel. Denny alleges that he has been denied private contact with his attorney and has instead been required to communicate through Unit Manager Greg Budd, who is named as a Defendant.

United States Magistrate Judge Keith Strong conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or

fails to state a claim upon which relief can be granted.

Judge Strong issued Findings and Recommendations in which he recommends dismissal of the Complaint without prejudice for failure to exhaust administrative remedies. Judge Strong notes that while Plaintiff concedes in his Complaint that he filed no administrative grievance, Montana State Prison has a detailed grievance procedure that must be exhausted before Plaintiff can proceed in this Court.

Plaintiff Denny timely objected, thereby preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1). In his objections Denny asserts that he was misled by outdated legal authority in the prison library which stated that exhaustion is not required in the case of a direct violation of constitutional rights. Denny's objection may form the basis of a separate claim, but it is not sufficient to overcome the failure to exhaust the claims alleged in this case.

Upon de novo review, and having considered Plaintiff Denny's objections, I adopt Judge Strong's Findings and Recommendations in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

DATED this 24th day of June, 2008.

Donald W. Molloy, District Judge
United States District Court

-2-